IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>    Plaintiff,<br><br>  vs.<br><br>RUPERT N. KAMA; DIANA L. KAMA; JOHN DOES 1-50; AND JANE DOES 1-50<br><br>    Defendants. | CIVIL NO. 11-00113 DAE-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO REMAND ACTION REMOVED FROM THE DISTRICT COURT OF THE THIRD CIRCUIT NORTH AND SOUTH KONA DIVISION, STATE OF HAWAII |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO REMAND ACTION REMOVED FROM THE DISTRICT COURT OF THE THIRD CIRCUIT NORTH AND SOUTH KONA DIVISION, STATE OF HAWAII

Before the Court is Plaintiff Federal National Mortgage Association's ("Plaintiff") Motion to Remand Action Removed from the District Court of the Third Circuit North and South Kona Division, State of Hawaii ("Motion"), filed March 12, 2011. On March 17, 2011, the Court issued an Entering Order vacating the April 26, 2011 hearing date, and directing Defendants Rupert Kama and Diana Kama (collectively "Defendants") to file an Opposition by March 28, 2011. Defendants failed to comply with the Order and have not submitted an

Opposition.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local Rules"). There being no opposition, and after careful consideration of the Motion and the supporting memorandum, the Court RECOMMENDS that the district court GRANT Plaintiff's Motion.

## BACKGROUND

On February 2, 2011, Plaintiff filed a Verified Complaint for Ejectment in the District Court of the Third Circuit, North and South Kona Division, State of Hawaii.

On February 22, 2011, Defendants filed a Notice of Removal ("Notice").

## DISCUSSION

Defendants removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1332. Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (a), (b). Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S.

3

974 (2005).

Significantly, in the Notice, Defendants allege that they are citizens of Hawaii County, State of Hawaii.  Notice of Removal at ¶ 9.  Defendants further allege that Plaintiff is a government sponsored enterprise with corporate headquarters in Washington, D.C., and that the amount in controversy exceeds $75,000.00.  Id. at ¶¶ 8-10.  Federal district courts have original jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000, excluding interest and costs.  See 28 U.S.C. § 1332(a).  A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought.  See id. § 1441(b).  Federal removal jurisdiction on the basis of diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected."  Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

In the present case, Defendants' assertion of Hawaii citizenship, when coupled with the fact that Plaintiff commenced this action in Hawaii state court, precludes removal. As noted above, § 1441(b) explicitly provides that actions based on diversity jurisdiction may only be removed if none of the served defendants is a citizen of the state in which the action is brought. See 28 U.S.C. § 1441(b). Consequently, Defendants improperly removed the action to this Court. This Court therefore recommends that the district court remand the action to the District Court of the Third Circuit, North and South Kona Division, State of Hawaii. See 28 U.S.C. § 1447(c).

Although Plaintiff did not formally request attorneys' fees and costs for the improper removal, the Court finds that such an award is both proper and necessary. When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. The United States Supreme Court

has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted). The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule. Id. The Martin Court also instructed that

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. at 140.

In this case, the plain language of § 1441(b) precluded removal if either Defendant was a citizen of Hawaii at the time the Complaint was filed and at the

time the Notice was filed.  Where, as here, Defendants have alleged that they are citizens of Hawaii, no objectively reasonable basis existed for removal. Accordingly, the Court recommends that the district court award Plaintiff attorneys' fees and costs incurred in connection with the improper removal, the reasonableness and amount of which will be determined and set forth in a Supplemental Findings and Recommendation after counsel submits a declaration in conformance with Local Rule 54.3(d).  The declaration should be submitted by April 5, 2011.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand Action Removed from the District Court of the Third Circuit North and South Kona Division, State of Hawaii, filed March 12, 2011, and remand this action to the District Court of the Third Circuit, North and South Kona Division, State of Hawaii.  Having found that Defendants lacked an objectively reasonable

basis for removal, the Court further RECOMMENDS that the district court award Plaintiff attorneys' fees and costs, in an amount to be determined after counsel submits a declaration, by April 5, 2011, that complies with Local Rule 54.3(d).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 29, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

FEDERAL NATIONAL MORTGAGE ASSOCIATION V. KAMA, ET AL., CV 11-00113 DAE-KSC; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO REMAND ACTION REMOVED FROM THE DISTRICT COURT OF THE THIRD CIRCUIT NORTH AND SOUTH KONA DIVISION, STATE OF HAWAII

8